J. RUSSELL MILLER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Miller v. Commissioner
Docket No. 9281-78.
United States Tax Court
T.C. Memo 1980-8; 1980 Tax Ct. Memo LEXIS 580; 39 T.C.M. (CCH) 867; T.C.M. (RIA) 80008; January 14, 1980, Filed *580 J. Russell Miller, pro se. M. K. Mortensen, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: Respondent determined a deficiency of $1,423 in petitioner's Federal income tax for 1975. The only issue for decision is whether $5,079 should be treated as gross receipts from petitioner's business or whether such amount was received by petitioner from nontaxable sources. FINDINGS OF FACT Some of the facts have been stipulated and are so found. J. Russell Miller (petitioner) resided in San Diego, California, when he filed his petition in this case. He filed a timely Federal income tax return for 1975 with the Internal Revenue Service Center at Fresno. In 1975 petitioner was self-employed as a publishers' representative, doing business under the name of Miller & McZine. He was a cash basis taxpayer during the year in issue. Petitioner made deposits in 1975 totaling $38,643 in his business bank account and $7,927 in his personal bank account. He has accounted for the sources of the following amounts of deposits: Source
Amount
Transferred from business to personal account
$ 7,927
Transferred from personal to business account
1,606
Transfers from savings account
400
PSA refund
500
Ron Williams loan
148
Gross receipts reported from business
30,910
Total
$41,491
*581 In his notice of deficiency respondent increased the petitioner's gross receipts by $5,079. OPINION Petitioner contends that respondent erroneously increased the gross receipts from his business. His position is that the $5,079 represents money he received from nontaxable sources. To the contrary, respondent contends that the $5,079 was from unexplained sources and should be treated as additional gross receipts from petitioner's business. We agree with the respondent. Unexplained bank deposits may furnish the basis for a determination by respondent that such deposits represent taxable receipts. Rodney v. Commissioner,53 T.C. 287, 315 (1969). Respondent need not prove a link between the deposits and an identified income-producing activity. Goe v. Commissioner,198 F.2d 851, 852 (3d Cir. 1952), affg. a Memorandum Opinion of this Court, cert. denied 344 U.S. 897 (1952). In fact, there is a presumption that respondent's determination is correct, and the burden of proving otherwise, by evidence of the source and nature of the deposits, is on petitioner. Rodney v. Commissioner, supra;Jones v. Commissioner,29 T.C. 601, 614 (1957). *582 Petitioner explained the unaccounted for deposits as coming from two sources. He testified that a friend, Patricia Korby, loaned him $5,000 over a number of years to help him get started in the publishing business and that she made loans to him in 1975 in the total amount of $959. Petitioner did not sign a note or other written evidence of indebtedness with Patricia Korby. He said they had an oral agreement for the payment of interest at the "going market rate." Petitioner has made no payments of principal or interest on any of the alleged loans. Although he did introduce copies of eight checks made out to him and signed by Patricia Korby, such checks totaled only $903. Nothing on the checks identified them as loans, nor did petitioner call his friend to testify about the nature and purpose of the checks. [1]
*583 Petitioner alleged that a second source of unexplained deposits was additional transfers from his personal account. He suggested that respondent's audit method was to attribute a deposit to a transfer from his personal account only where the date and the amount of both the personal account withdrawal and business account deposit were the same. On occasion petitioner would make net deposits by withdrawing money from his personal account, retaining part of it and depositing the balance in his business account. At other times he made transfers by check. The record contains bank documents from one such transfer in which a service charge was added to the debit against petitioner's personal account because the check bounced. Petitioner contends that respondent did not take these two types of transfers into account as a source of deposits because of the disparity between the amounts charged to the personal account and the amount of the business account deposits. Other than petitioner's testimony, there is no evidence in the record as to what methods respondent used in attributing petitioner's bank deposits to their ascertained sources. Nor is there any evidence that the types of transfers *584 described above were not included in the $1,606 of deposits stipulated to have been transferred from petitioner's personal account to his business account. Furthermore, petitioner presented at trial bank records or other documentary evidence of only one instance of the type of net deposit or check transfers which allegedly gave rise to a disparity between the amounts of the debit and the deposit. [2] Nor did he state definitely or even estimate the number or amounts of such transfers allegedly disregarded by respondent. Aside from copies of the cancelled checks, the only proof offered by petitioner has been his own testimony, which was vague and indefinite. As he testified, "I'm not at all certain what the $5,000.00 [in unexplained deposits] are." He has simply failed to carry his burden of proof. We cannot conclude on this record that any amount of the unexplained deposits is traceable to loans from Patricia Korby. Petitioner *585 has shown us no note or written agreement; he hs provided no independent testimony; and he has admitted that no interest or principal repayments were made. Likewise, the record does not contain a basis for a determination as to the amount of transfers involving net deposits or service charges. Thus, we are not convinced that respondent faled to take into account such transfers from petitioner's personal account. Decision will be entered for the respondent. Footnotes
1. Petitioner did introduce into evidence a letter from Patricia Korby which stated that she loaned petitioner $959 in 1975. The letter is hearsay for the purpose of proving that she did loan petitioner the money and is inadmissible for that purpose. Fed. R. Ev. 801, 802↩. Under these circumstances we are unable to give any weight to the letter.
2. Petitioner indicated at trial that after the audit he was unable to locate some of his records and documents. He stated that he could not say what happened to them, and he did not explicitly place the blame on respondent for their unavailability.↩